# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff<br><br>v.<br><br>Dean Romero,<br><br>    Defendant | Case No.: 2:22-cr-00049-JAD-DJA<br><br>**Order Denying Motion to Reduce Sentence under Amendment 821**<br><br>[ECF No. 105] |

Defendant Dean Romero is serving a 16-year sentence for conspiring to distribute methamphetamine and fentanyl. Romero moves for a reduction in his sentence based on recent changes to the sentencing guidelines known commonly as Amendment 821. The government opposes his motion, arguing that he is ineligible for this relief. Because Romero does not qualify for an adjustment under Amendment 821, I deny his motion for a sentence reduction.

## Discussion

The Sentencing Commission submitted criminal-history amendments to Congress in May 2023, they took effect in November 2023, and courts may apply them retroactively beginning in February 2024.[1] Romero argues that he is entitled to a sentence reduction under the change added to the guidelines as § 4A1.1, which reduces the impact of "status points" on a sentence. Status points are additional criminal-history points applied to a defendant who committed his crime of conviction while under another criminal-justice sentence. Because the Commission found that status points are less reliable indicators of rearrest, these changes allow courts to

---

[1] Sent'g Guidelines for U.S. Courts, 88 Fed. Reg. 60534, 60534 (Sept. 1, 2023).

depend less on status points to determine criminal history.[2]  A defendant with seven or more criminal-history points may receive a one-point reduction in his status points, while a defendant with six or fewer criminal-history points may have his status points eliminated for committing his offenses while under a criminal-justice sentence.[3]  A court may reduce a defendant's sentence based on this amendment if his "term of imprisonment [was] based on a sentencing range that has subsequently been lowered by the Sentencing Commission [under] 28 U.S.C. § 994(o) . . . after considering the factors set forth in section 3553(a) . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."[4]

Romero contends that he is eligible for a sentence reduction based on this amendment.[5] But as his appointed counsel acknowledges in a subsequent filing, Romero doesn't qualify for this reduction because he had no status points in the first place.[6]  Romero was sentenced with 42 criminal-history points, but no status points were added to his score because he did not commit his current offenses while under a criminal-justice sentence from his prior convictions.[7]  It's impossible to reduce Romero's status points under § 4A1.1 when he didn't receive any.  So Romero is not entitled to a sentence reduction.

---

[2] *Id.* at 60535–36; *see also* U.S. Sent'g Comm'n, *Revisiting Status Points* (2022), https://www.ussc.gov/sites/default/files/pdf/research-and-publications/research-publications/2022/20220628_Status.pdf.

[3] Sent'g Guidelines for U.S. Courts, 88 Fed. Reg. 60534, 60535 (Sept. 1, 2023).

[4] 18 U.S.C. § 3582(c)(2) (cleaned up).

[5] ECF No. 105.

[6] ECF No. 108.

[7] Presentencing Investigation Report at ¶ 68.

**Conclusion**

Because Dean Romero has no status points to reduce under Amendment 821, IT IS ORDERED that his motion for a sentence reduction under Amendment 821 **[ECF No. 105] is DENIED** with prejudice.

_____
U.S. District Judge Jennifer A. Dorsey
August 16, 2024